RE: TRANSPORTATION OF SCHOOLCHILDREN UNDER 70 O.S. 9-101 (1987)
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR RECENT LETTER ASKING FOR ADVICE AS TO THE STATUS OF THE LAW RELATIVE TO THE TRANSPORTATION OF SCHOOLCHILDREN UNDER THE TERMS OF SECTION 9-101 OF THE SCHOOL CODE. HE HAS AUTHORIZED ME TO RESPOND TO YOU THROUGH THIS INFORMAL LETTER.
THE TERMS OF 70 O.S. 9-101 CURRENTLY PROVIDE:
 "A. ANY SCHOOL DISTRICT MAY PROVIDE TRANSPORTATION FOR EACH CHILD WHO IS PARTICIPATING IN A HEAD START PROGRAM.
 B. ANY SCHOOL DISTRICT MAY PROVIDE TRANSPORTATION FOR EACH CHILD WHO SHOULD ATTEND ANY PUBLIC ELEMENTARY OR HIGH SCHOOL WHEN, AND ONLY WHEN, TRANSPORTATION IS NECESSARY FOR ACCOMPLISHMENT OF ONE OF THE FOLLOWING PURPOSES:
 1. TO PROVIDE ADEQUATE EDUCATIONAL FACILITIES AND OPPORTUNITIES WHICH OTHERWISE WOULD NOT BE AVAILABLE;
 2. TO TRANSPORT CHILDREN WHOSE HOMES ARE MORE THAN A REASONABLE WALKING DISTANCE, AS DEFINED BY REGULATIONS OF THE STATE BOARD OF EDUCATION, FROM THE SCHOOL ATTENDED BY SUCH CHILD. PROVIDED, THAT NO STATE FUNDS SHALL BE PAID FOR THE TRANSPORTATION OF A CHILD WHOSE RESIDENCE IS WITHIN ONE AND ONE-HALF (1 1/2) MILES FROM THE SCHOOL ATTENDED BY SUCH CHILD."
THIS STATUTE, AND ITS MEANING, WERE THE SUBJECT MATTER OF A PRIOR OFFICIAL OPINION REQUEST TENDERED TO THIS OFFICE IN 1986 BY FORMER STATE REPRESENTATIVE MILTON OF DEL CITY. AT THAT TIME, THIS OFFICE REPLIED BY LETTER TO FORMER REPRESENTATIVE MILTON THAT THE KEY TO ANSWERING WHETHER THIS STATUTE PERMITTED LOCAL SCHOOL DISTRICTS, THEMSELVES, TO FURNISH TRANSPORTATION TO SCHOOLCHILDREN WHO LIVED WITHIN THE ONE AND ONE-HALF MILE DISTANCE SET FORTH IN THE STATUTE WAS WHETHER THE REGULATIONS OF THE STATE DEPARTMENT OF EDUCATION PERMITTED SUCH TRANSPORTATION. THOSE REGULATIONS DO NOT APPEAR TO PROHIBIT SUCH ARRANGEMENTS, SO LONG AS NO STATE FUNDS WHATSOEVER ARE UTILIZED IN FUNDING THAT TRANSPORTATION. THE STATE BOARD OF EDUCATION REGULATIONS FOR ADMINISTRATION AND HANDBOOK ON BUDGETING AND BUSINESS MANAGEMENT BULLETIN NO. 145-V, AND SPECIFICALLY SECTION II OF THE REGULATIONS GOVERNING SCHOOL TRANSPORTATION STATE, IN PERTINENT PART:
 "STUDENTS LIVING LESS THAN ONE AND ONE HALF (1 1/2) MILES FROM SCHOOL MAY BE TRANSPORTED, BUT SHALL NOT BE COUNTED IN DETERMINING STATE AID."
THIS REGULATION HAS NOT BEEN AMENDED SINCE THE TIME OF OUR PRIOR REVIEW, AND THE INFORMAL ADVICE TENDERED AT THAT TIME REMAINS UNCHANGED.
IN THIS SAME VEIN, HOWEVER, I FEEL COMPELLED ALSO TO COMMENT BRIEFLY UPON THE SUBJECT OF THE CHARGING OF FEES FOR SUCH SERVICES. A PRIOR OPINION OF THE ATTORNEY GENERAL HAS ADVISED THAT THE CHARGING OF "FEES" AS A PREDICATE TO ATTENDANCE AT THE PUBLIC SCHOOLS OF THE STATE IS FORBIDDEN UNDER STATE LAW. ATTORNEY GENERAL OPINION NO. 76-230. THIS OPINION, THOUGH, DEALS WITH FEES ASSESSED BY A DISTRICT AS A PREREQUISITE TO ATTENDANCE, AND NOT FEES ASSESSED FOR OTHER AREAS. THE OKLAHOMA COURT OF APPEALS HAS RULED THAT THE FURNISHING OF TRANSPORTATION TO PUBLIC SCHOOLS IN THE STATE IS NOT A MANDATORY DUTY, BUT, RATHER, IS A DISCRETIONARY ACTION BY THE DISTRICTS. SEE BROOKS V. WOODS, 640 P.2D 1000, AT 1002 (OKLA. APP. 1981). IN LINE WITH THIS REASONING, CHARGING A FEE FOR THE TRANSPORTATION OF STUDENTS WHICH LIVE WITHIN THE DISTANCE IN QUESTION DOES NOT APPEAR TO BE PROHIBITED. HOWEVER, ONCE A DISTRICT EMBARKS UPON SUCH A COURSE OF ACTION, IT MAY BECOME SUBJECT TO CLAIMS OF DISCRIMINATION FROM PERSONS WHO CANNOT AFFORD TO PAY FOR SUCH SERVICES, IF THE PLAN IS NOT FAIRLY AND EQUITABLY CARRIED OUT.
AS A FINAL NOTE, THE STATE BOARD DOES NOT APPEAR TO EVER HAVE ADMINISTRATIVELY DEFINED WHAT EXACTLY IS A "REASONABLE WALKING DISTANCE," AS THAT TERM IS USED IN SECTION 9-101. IDEALLY, THAT TERM SHOULD BE DEFINED WITH MORE CLARITY THAN THE REFERENCE IN THE CURRENT SECTIONS OF THE BOARD'S REGULATIONS THAT MERELY STATE THAT TRANSPORTATION MAY BE FURNISHED BY DISTRICTS WITHIN THE ONE AND ONE-HALF MILE DISTANCE SET FORTH IN SECTION 9-101, SO LONG AS NO STATE FUNDS ARE USED FOR SUCH PURPOSES. IT IS NOT INCONCEIVABLE THAT SOMEONE MIGHT ATTACK A LOCAL TRANSPORTATION PROGRAM AS NOT BEING AUTHORIZED UNTIL THAT TERM IS DEFINED, AS WAS CLEARLY THE LEGISLATURE'S INTENT. HOWEVER, SUCH A CONCERN IS STATED HERE OUT OF AN ABUNDANCE OF CAUTION, AND SHOULD NOT BE READ AS A PER SE INDICATION THAT NO ACTION CAN BE TAKEN WITHOUT SUCH A CLARIFICATION. I HAVE TAKEN THE LIBERTY OF ENCLOSING FOR YOUR INFORMATION THE PRIOR CORRESPONDENCE FROM THIS OFFICE ON THIS POINT.
(MICHAEL SCOTT FERN)